[No. B203151. Second Dist., Div. Two. Aug. 25, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES HERNANDEZ, Defendant and Appellant.

642

## Counsel

Tara K. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Linda C. Johnson and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BOREN, P. J.**—In 2001, James Hernandez was convicted of oral copulation with a person under the age of 16 (Pen. Code, § 288a, subd. (b)(2))[1] upon a plea of no contest. The trial court placed him on five years' probation subject to 270 days in county jail and ordered him to register as a sex offender under section 290, former subdivision (a)(1)(A).[2] He appeals from an order denying his 2007 motion seeking to terminate the mandatory, lifetime requirement that he register as a sex offender. Appellant contends that the requirement violates equal protection under the state and federal Constitutions when applied to convictions of section 288a, subdivision (b)(2). Respondent contends that we should dismiss this appeal because appellant has failed to obtain a certificate of probable cause pursuant to section 1237.5.

We reverse and remand with directions.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Section 290 underwent major revisions, reorganization and renumbering in 2007, effective October 13, 2007. We refer to that statute as it read and was numbered at the time appellant moved to vacate his mandatory registration requirement in September 2007.

## PROCEDURAL AND FACTUAL BACKGROUND

In 2001, appellant pled no contest to one count of oral copulation with a person under 16 years of age (§ 288a, subd. (b)(2)).[3] At the time of the offense, appellant was 22 years old and participated in oral copulation with a 14 year old.[4] Appellant was placed on five years' formal probation, ordered to serve 270 days in county jail and ordered to register with local police as a sex offender pursuant to section 290, subdivision (a)(1)(A).

In 2006, in *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*), the California Supreme Court held that mandatory sex offender registration under section 290, former subdivision (a)(1)(A) violates equal protection as applied to a person convicted of oral copulation of a minor between the ages of 16 and 18 (§ 288a, subd. (b)(1)).[5]

In 2007, based upon the decision in *Hofsheier,* appellant filed a "Motion to Vacate PC 290 Registration," seeking to vacate his mandatory registration requirement, arguing that for purposes of that requirement there is no rational distinction between oral copulation with a person between 16 and 18 years of age (§ 288a, subd. (b)(1)) and with a person between 14 and 16 years of age (§ 288a, subd. (b)(2)). The trial court denied the motion.

## DISCUSSION

Appellant contends that the trial court erred in denying his motion to terminate his mandatory sex offender registration requirement. He argues that the analysis in *Hofsheier,* finding the mandatory registration requirement to be a denial of equal protection as applied to section 288a, subdivision (b)(1), is equally applicable to subdivision (b)(2). There is no logical difference between orally copulating a minor under 18 years of age and doing so to a minor under 16 years of age.

Respondent agrees with appellant but raises the preliminary question of whether appellant's contention is cognizable on appeal without a certificate of

---

[3] Section 288a, subdivision (b)(2) provides: "Except as provided in Section 288, any person over the age of 21 years who participates in an act of oral copulation with another person who is under 16 years of age is guilty of a felony."

[4] Although respondent states that appellant was 23 years old at the time of the charged offense, it appears the offense occurred a few months before his 23rd birthday.

[5] Section 288a, subdivision (b)(1) provides: "Except as provided in Section 288, any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year."

probable cause. Respondent argues that this contention is in substance a challenge to the validity of his plea and hence requires a certificate of probable cause.

We conclude that this appeal is cognizable without a certificate of probable cause and that the mandatory sex offender statute is unconstitutional as applied to section 288a, subdivision (b)(2).

## I. *Certificate of probable cause*

■ Appellate jurisdiction is purely statutory; a judgment or order is not appealable unless expressly made so by statute. (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227].) Section 1237 authorizes appeals from judgments of conviction (§ 1237, subd. (a)) and from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) But section 1237.5 provides that generally no appeal may be taken from a judgment of conviction on a plea of guilty or no contest.[6] Excepted from this limitation are appeals based on "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" (§ 1237.5, subd. (a); see *People v. Hunter* (2002) 100 Cal.App.4th 37, 41 [122 Cal.Rptr.2d 229]; *People v. Hobbs* (1994) 7 Cal.4th 948, 955 [30 Cal.Rptr.2d 651, 873 P.2d 1246]), but only if a certificate of probable cause is obtained (§ 1237.5, subd. (b)). An appellate court need not address a certificate issue raised by a defendant on appeal from a judgment of conviction based on a guilty or no contest plea when a certificate of probable cause has not been properly obtained. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1095 [81 Cal.Rptr.2d 301, 969 P.2d 146].)

■ A postplea question not challenging the validity of a guilty plea is a noncertificate issue that may be raised on appeal after a guilty or no contest plea without a certificate of probable cause. (*People v. Kaanehe* (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People v. Mendez, supra,* 19 Cal.4th at p. 1100; § 1237, subd. (b).) The certificate requirement is inapplicable "if the appeal is based upon grounds that arose after entry of the plea

---

[6] Section 1237.5 states: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

and that do not affect the validity of the plea." (*People v. French* (2008) 43 Cal.4th 36, 43 [73 Cal.Rptr.3d 605, 178 P.3d 1100].) "In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5. [Citation.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 76 [51 Cal.Rptr.2d 851, 913 P.2d 1061].) Deciding whether an appeal is in substance a challenge to the plea or the sentence can "involve[] difficult . . . line-drawing." (*People v. Buttram* (2003) 30 Cal.4th 773, 790 [134 Cal.Rptr.2d 571, 69 P.3d 420].)

Here, appellant appeals the denial of his postplea motion to terminate his mandatory sex offender registration requirement on the ground that it violates equal protection. He does not seek to retract his no contest plea or otherwise challenge its validity. He does not argue that the plea bargaining process was invalid or that he entered his plea as the result of any misrepresentation by the court. If appellant prevails, his conviction based on his plea bargain will remain valid and unaffected.

■ This postplea motion is not a substantive attack on the validity of the plea for another reason. The mandatory sex offender registration requirements that were the basis of the postplea motion were not a part of his plea, and could not be. Registration as a sex offender is mandatory and is not a permissible subject of a plea agreement negotiation. (*In re Stier* (2007) 152 Cal.App.4th 63, 78 [61 Cal.Rptr.3d 181]; *People v. McClellan* (1993) 6 Cal.4th 367, 380 [24 Cal.Rptr.2d 739, 862 P.2d 739].) Registration cannot be avoided through a plea bargain. (*Hofsheier, supra,* 37 Cal.4th at p. 1196; *In re Stier, supra,* at p. 78.) The mandatory sex offender registration requirement is analogous to other constitutional and statutory provisions that, while restricting the rights of convicted felons, are not part of the negotiated plea. (I.e., Cal. Const., art. II, § 4 [convicted felons in state prison or on parole cannot vote]; Code Civ. Proc., § 203, subd. (a)(5) [convicted felons cannot perform jury duty]; § 12021 [convicted felons cannot own or possess a firearm]; see also Bus. & Prof. Code, § 480, subd. (a)(1) [convicted felons may be prevented from practicing licensed trades and professions].)

Because the postplea motion appealed from did not challenge the validity of the plea, a certificate of probable cause was not required.

## II. Constitutionality of mandatory sex offender registration

In considering the constitutionality of mandatory sex offender registration, our starting point is *Hofsheier.* In that case, a 22-year-old man pled guilty to violating section 288a, subdivision (b)(1), for participation in voluntary oral copulation with a 16-year-old girl. The trial court placed defendant on probation, subject to 120 days in county jail and to mandatory sex offender registration under section 290, former subdivision (a)(1)(A). (*Hofsheier, supra,* 37 Cal.4th at pp. 1192–1194.) Under that section, any person convicted of violating section 288a, among other specified offenses, was required to register as a sex offender for the rest of his or her life. Defendant appealed his conviction, contending that he was denied equal protection because a person convicted of unlawful, voluntary sexual intercourse with a minor under section 261.5,[7] under the same circumstances, would not be subject to the mandatory reporting requirements, but only to discretionary registration under section 290, former subdivision (a)(2)(E).[8]

■ Our Supreme Court in *Hofsheier* limited its decision to "the validity of the mandatory registration requirement for the first category [section 288a, subdivision (b)(1)]—voluntary acts of oral copulation when the victim is 16 or 17 years of age." (*Hofsheier, supra,* 37 Cal.4th at p. 1195.) It reasoned

---

[7] Section 261.5, subdivisions (a) through (d) provides: "(a) Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. For the purposes of this section, a 'minor' is a person under the age of 18 years and an 'adult' is a person who is at least 18 years of age. [¶] (b) Any person who engages in an act of unlawful sexual intercourse with a minor who is not more than three years older or three years younger than the perpetrator, is guilty of a misdemeanor. [¶] (c) Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison. [¶] (d) Any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison for two, three, or four years."

[8] Section 290, former subdivision (a)(2)(E) gave the trial court discretion to order any person to register as a sex offender for any offense. It stated: "Any person ordered by any court to register pursuant to this section for any offense not included specifically in this section [shall register] if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration."

that, " '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Hofsheier, supra,* at p. 1199.) " 'The Equal Protection Clause . . . imposes a requirement of some rationality in the nature of the class singled out.' [Citations.]" (*Ibid.*) "Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' [Citation.]" (*Id.* at pp. 1199–1200.)

■ The court concluded that section 288a, subdivision (b)(1) and section 261.5 both concerned sexual conduct with minors and were " 'sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' " (*Hofsheier, supra,* 37 Cal.4th at p. 1200.) It found no rational basis for the classification which required lifetime registration for a sex offender convicted of voluntary oral copulation with a 16-year-old girl but not of a person convicted of voluntary sexual intercourse with a girl of that age. (*Id.* at pp. 1201–1207.) The nature of the sexual act alone determined whether the defendant received mandatory sex offender registration, or whether the trial court had discretion. The arguably more serious offense, sexual intercourse, was not subject to the mandatory registration requirements whereas the less serious offense, oral copulation, was.

The Supreme Court therefore held that the mandatory sex offender registration requirement of section 290, former subdivision (a)(1)(A), as applied to a person convicted of orally copulating a 16 year old (§ 288a, subd. (b)(1)), violated equal protection. (*Hofsheier, supra,* 37 Cal.4th at p. 1207.) It remanded the case to the trial court to determine whether the defendant should still be subject to sex offender registration under the discretionary registration provision. (*Hofsheier, supra,* at p. 1209.)

In *People v. Garcia* (2008) 161 Cal.App.4th 475 [74 Cal.Rptr.3d 681] (*Garcia*), decided earlier this year, our colleagues in Division One of this district considered the issue before us: whether section 288a, subdivision (b)(2), like subdivision (b)(1), also violated equal protection. In *Garcia,* the 26-year-old defendant pled guilty in 1985 to voluntary oral copulation with a person 14 years of age (§ 288a, subd. (b)(2)) and unlawful voluntary sexual intercourse with a female not his wife under 18 years of age (§ 261.5). The defendant was placed on five years' probation and made subject to section 290, subdivision (a)(1)(A). After *Hofsheier* was decided, the defendant moved for resentencing or, alternatively, for a hearing pursuant to *Hofsheier*

to determine whether lifetime registration as a sex offender was appropriate. (*Garcia, supra,* at pp. 478–479.) The trial court denied the motion, concluding that under *Hofsheier* it had discretion to relieve the defendant of mandatory registration, but that it was going to " 'exercise its discretion and order that the defendant continue his registration.' " (*Garcia, supra,* at pp. 479–480.)

Division One concluded that "[i]f there is no rational reason for this disparate treatment [between oral copulation and sexual intercourse] when the victim is 16 years old, there can be no rational reason for the disparate treatment when the victim is even younger, 14 years old. Accordingly, *Hofsheier* applies whether the conviction is under subdivision (b)(2) or (b)(1) of section 288a," and section 290, former subdivision (a)(1)(A) is unconstitutional as applied to section 288a, subdivision (b)(2). (*Garcia, supra,* 161 Cal.App.4th at p. 482.) Division One reversed the trial court because it concluded that the trial court had not properly evaluated whether or not to impose the discretionary registration requirements. (*Garcia, supra,* at p. 485.) We generally agree that *Garcia*'s analysis and extension of *Hofsheier* to section 288a, subdivision (b)(2) is applicable to appellant in the matter before us.

In its recent decision in *People v. Manchel* (2008) 163 Cal.App.4th 1108 [78 Cal.Rptr.3d 194] (*Manchel*), Division Seven of this district distinguished *Hofsheier* and "decline[d] to extend [its] analysis to apply to those convicted of violating section 288a, subdivision (b)(2)." (*Manchel, supra,* at p. 1111.) In *Manchel,* the 29-year-old defendant pled no contest under section 288a, subdivision (b)(2) to committing oral copulation with a 14-year-old girl. The defendant was granted probation and ordered to register as a sex offender under section 290. Division Seven reasoned that because the defendant was more than 10 years older than his 14-year-old victim, his conduct also violated section 288, subdivision (c)(1).[9] That section subjects the defendant

---

[9] Section 288, subdivisions (a) and (c)(1) state in pertinent part: "(a) Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years. [¶] . . . [¶] (c)(1) Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year. In determining whether the person is at least 10 years older than the child, the difference in age shall be measured from the birth date of the person to the birth date of the child."

to mandatory sex offender registration for lewd acts, including both oral copulation and sexual intercourse, rendering the equal protection analysis of *Hofsheier* "fundamentally alter[ed]." (*Manchel, supra,* at p. 1114.)

*Manchel* reasoned that in *Hofsheier* the analysis "turned on the disparity in treatment of an adult offender who engaged in different kinds of sexual conduct with a 16-year-old minor—the fact that engaging in voluntary oral copulation landed a person in the category of mandatory registration when having voluntary sexual intercourse with the same victim would not." (*Manchel, supra,* 163 Cal.App.4th at p. 1114.) "[T]he only matter that determined whether [the defendant] was subject to mandatory registration for his voluntary sexual conduct with that 16-year-old minor was whether the sexual offense was oral copulation or intercourse." (*Ibid.*) But "[t]his core element" of *Hofsheier* is missing when section 288 applies. The defendant in *Manchel* fell "within statutes that provide for mandatory registration regardless of whether he engaged in intercourse or oral copulation, [and he] cannot establish that he is similarly situated to another group of offenders who are not subject to mandatory sex offender registration." (*Manchel, supra,* at pp. 1114–1115.) The "nature of the sexual act was not determinative of whether [the defendant in *Manchel*] was subject to mandatory registration: whether sexual intercourse or oral copulation took place, his conduct subjected him to mandatory registration under the Penal Code." (*Id.* at p. 1114.)

*Manchel* also distinguished *Garcia* because the issue of the effect of section 288 on the equal protection analysis was apparently not raised in that case.[10]

■ We need not decide whether or not we agree with *Manchel*'s analysis, because, as in *Hofsheier,* appellant's offense here does not fall within section 288, as his victim was 14 years old, therefore not within section 288, subdivision (a), and he was not more than 10 years older than her, therefore not within section 288, subdivision (c)(1). Consequently, the only factor that determined that he was subject to mandatory registration was that his offense was oral copulation and not sexual intercourse.

---

[10] It appears that *Manchel*'s section 288 analysis would have been applicable in *Garcia,* as the defendant in *Garcia* was involved in oral copulation with a 14-year-old girl when he was 26, more than 10 years older. Hence, like the *Manchel* defendant, he, too, could have been subject to mandatory sex offender registration for either oral copulation or intercourse under section 288, subdivision (c)(1).

## DISPOSITION

The order appealed from is reversed. On remand, the trial court is directed to remove the requirement appellant register as a sex offender pursuant to former subdivision (a)(1)(A) of section 290, and to determine whether appellant is subject to discretionary registration pursuant to former subdivision (a)(2)(E) of section 290, and, if so, to exercise its discretion whether to require defendant to register under that provision.

Doi Todd, J., and Ashmann-Gerst, J., concurred.