[No. A123269. First Dist., Div. One. Sept. 29, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
WESLEY LEVEL THOMPSON, Defendant and Appellant.

## COUNSEL

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

MARGULIES, J.—After a jury trial, Wesley Level Thompson was convicted of unlawful sexual intercourse and sodomy with a 17-year-old minor. Based on the sodomy conviction, the court found that defendant was subject to mandatory registration as a sex offender under Penal Code section 290.[1] Defendant contends, and the Attorney General concedes, that application of the mandatory registration statute to that offense would violate his federal and state constitutional rights to equal protection. We agree, and remand for the trial court to determine whether defendant is subject to discretionary registration under section 290.006, by virtue of his sodomy conviction and, if so, to exercise its discretion to determine whether defendant should be required to register under that provision.

## I. BACKGROUND

By information filed in the Contra Costa County Superior Court, defendant was charged with unlawful sexual intercourse with a minor (§ 261.5, subd. (a); count one) and two counts of sodomy with a minor (§ 286, subd. (b)(1); counts two & three).

At the time the alleged sexual acts occurred, defendant was 36 years old and the victim was 17 years old. According to the victim's testimony, on October 15, 2007, the two engaged in vaginal and anal intercourse in defendant's car. The victim stated she was a willing participant in the incident because she was curious about sexual intercourse. She also testified that on October 17, 2007, they were discovered by the victim's father during a second attempted act of anal intercourse, which was the basis for the sodomy charge in count three.

The jury convicted defendant of unlawful sexual intercourse and one count of sodomy,[2] and the court sentenced him to two years in state prison on count one and to a concurrent sentence of eight months on count two.[3] The trial court delayed ruling on the issue of sex offender registration and allowed the parties to brief the applicability of section 290 to defendant's sodomy conviction. Specifically, the court wanted the parties to address the issue of whether, in light of the California Supreme Court's ruling in *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*), defendant should face mandatory registration.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The jury acquitted him of count three and of the lesser included offense of attempted sodomy.

[3] The propriety of the concurrent sentence imposed is discussed *post*.

The court subsequently concluded that defendant would not be required to register as a sex offender pursuant to his conviction for unlawful sexual intercourse. However, the court determined that registration was mandatory as to the sodomy conviction pursuant to section 290, subdivisions (b) and (c), and ordered defendant to register.[4]

## II. DISCUSSION

Defendant contends the California Supreme Court's holding in *Hofsheier*, constitutionally invalidating a portion of former section 290's mandatory sex offender registration requirements, applies equally to his conviction of sodomy with a minor over the age of 16. He argues, like the defendant in that case, that imposing mandatory registration would deny him his federal and state constitutional rights to equal protection.

### A. *Mandatory Sex Offender Registration*

#### 1. *Hofsheier*

The defendant in *Hofsheier* was a 22-year-old man who pled guilty to voluntary oral copulation with a 16-year-old girl.[5] (*Hofsheier, supra*, 37 Cal.4th at p. 1192.) The trial court imposed an order of mandatory sex offender registration, pursuant to former section 290, subdivision (a)(1)(A).[6] (*Hofsheier*, at p. 1192.) The defendant challenged the registration requirement, arguing that "he was denied the constitutionally guaranteed equal protection of the laws because a person convicted of unlawful sexual intercourse with a minor [citation] under the same circumstances would not be subject to mandatory registration." (*Ibid.*)

The court prefaced its analysis of the registration requirements by addressing the threshold question of whether " 'the state ha[d] adopted a classification that affects two or more *similarly situated* groups in an unequal

---

[4] "I have concluded that the Court has the inherent power to make findings as to Count 1 where the defendant was convicted of [unlawful sexual intercourse]. . . . [¶] . . . [¶] However, as to the conviction [of sodomy], it appears to me to be in a different category than the two offenses set forth in the *Hofsheier* decision. Therefore, I am going to order that [defendant] shall be required to register . . . ."

[5] Throughout this opinion, we use the term "voluntary" in the special and restricted sense in which it is used in the *Hofsheier* opinion to indicate both that the minor victim willingly participated in the act and that none of the statutory aggravating circumstances—such as the defendant's use of force or the victim's unconsciousness or intoxication—apply. (See *Hofsheier, supra*, 37 Cal.4th at p. 1193, fn. 2.) We recognize, however, that a minor is not capable of legally consenting to a sexual act and do not intend to intimate otherwise.

[6] Former section 290, subdivision (a)(1)(A) was recodified as section 290, subdivision (b) a year after *Hofsheier* was decided. (Stats. 2007, ch. 579, §§ 7, 8.)

manner.' " (*Hofsheier, supra,* 37 Cal.4th at p. 1199, quoting *In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549].) It determined that, because the only difference between the two offenses was the nature of the sexual act, "persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors 'are sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' " (*Hofsheier, supra,* 37 Cal.4th at p. 1200, quoting *People v. Nguyen* (1997) 54 Cal.App.4th 705, 715 [63 Cal.Rptr.2d 173].)

In applying a rational relationship test to the registration requirements, the court laid out a general rule for allowing disparate treatment of the two sexual crimes: "To sustain the distinction, there must be some plausible reason, based on reasonably conceivable facts, why judicial discretion is a sufficient safeguard to protect against repeat offenders who engage in sexual intercourse, but not with offenders who engage in oral copulation." (*Hofsheier, supra,* 37 Cal.4th at p. 1204, fn. omitted.) The court found no plausible reason for the Legislature to "conclude that persons who are convicted of voluntary oral copulation with adolescents 16 to 17 years old, as opposed to those who are convicted of voluntary intercourse with adolescents in that same age group, constitute a class of 'particularly incorrigible offenders' [citation] who require lifetime surveillance as sex offenders." (*Hofsheier,* at pp. 1206–1207, quoting *Newland v. Board of Governors* (1977) 19 Cal.3d 705, 712 [139 Cal.Rptr. 620, 566 P.2d 254].)

█ The court pointed out that unlawful sexual intercourse and oral copulation with a minor otherwise received similar statutory treatment. (*Hofsheier, supra,* 37 Cal.4th at p. 1206.) It noted that the statutes covering intercourse and oral copulation both provided for more severe punishment and closer surveillance of persons convicted of forcible sexual acts or sexual acts involving children under the age of 14. (*Ibid.*) Also, both statutes provide for more lenient treatment when the acts were voluntary and involved adolescents closer to the age of majority. (*Ibid.*) The court observed that "[m]andatory lifetime registration of all persons convicted of voluntary oral copulation [with a minor over the age of 16] stands out as an exception to the legislative scheme, a historical atavism dating back to a law repealed over 30 years ago that treated all oral copulation as criminal regardless of age or consent." (*Ibid.*) Based on these considerations, the court held that imposition of mandatory registration for persons convicted of voluntary oral copulation with a minor between 16 and 17 years old, but not for individuals convicted of unlawful sexual intercourse with a minor in the same age range, violated the equal protection guarantees of the federal and state Constitutions. (*Hofsheier,* at pp. 1206–1207.)

Significantly, the *Hofsheier* court did not invalidate the mandatory registration requirements in toto: "We reject out of hand the option of declaring section 290's mandatory lifetime registration provisions invalid as a whole. These provisions serve an important and vital public purpose by compelling registration of many serious and violent sex offenders who require continued public surveillance." (*Hofsheier, supra*, 37 Cal.4th at p. 1208.) The court also declined the alternative equal protection remedy of extending mandatory registration to persons convicted of unlawful sexual intercourse with minors. (*Ibid.*) Instead, the court concluded that the preferable remedy for the constitutional violation was to eliminate the mandatory lifetime registration requirement for persons convicted of voluntary oral copulation with a minor over the age of 16 under section 288a, subdivision (b)(1). (*Hofsheier*, at p. 1208.) The court left open, however, the possibility that the trial court could, on remand, impose registration under the discretionary provision found in former section 290, subdivision (a)(2)(E).[7] (*Hofsheier*, at pp. 1208–1209.)

### 2. *Application of* Hofsheier *to Section 286*

By its terms, *Hofsheier* was limited exclusively to voluntary oral copulation with minors between 16 and 17 years of age. However, in *People v. Ranscht* (2009) 173 Cal.App.4th 1369 [93 Cal.Rptr.3d 800] (*Ranscht*) the Fourth District Court of Appeal extended the reasoning behind *Hofsheier* to a sexual act other than oral copulation. In *Ranscht*, an 18-year-old man pled guilty to voluntary sexual penetration of a 13-year-old minor. (*Id.* at pp. 1371–1372.) The Court of Appeal held that "mandating lifetime sex offender registration for an offender convicted of sexually penetrating a 13-year-old minor violates equal protection because a similarly situated offender convicted of unlawful sexual intercourse with a victim the same age would not face mandatory lifetime registration." (*Id.* at p. 1371.) As in *Hofsheier*, the focus of the constitutional analysis was that the only factor distinguishing the defendant from an offender convicted of unlawful sexual intercourse was the nature of the sexual act for which he was convicted. (*Ranscht*, at p. 1375.)

■ *Hofsheier* held that voluntary oral copulation could not be treated differently from voluntary sexual intercourse because "there [is no] plausible reason, based on reasonably conceivable facts, why judicial discretion is a sufficient safeguard to protect against repeat offenders who engage in sexual intercourse, but not with offenders who engage in oral copulation." (*Hofsheier, supra*, 37 Cal.4th at p. 1204 & fn. 6.) In our view, the same analysis applies to voluntary sodomy. We can find no more rational distinction between sodomy and unlawful intercourse, in terms of the measures required to

---

[7] Former section 290, subdivision (a)(2)(E) was renumbered as section 290.006 a year after *Hofsheier* was decided. (Stats. 2007, ch. 579, §§ 7, 14.)

safeguard society against repeat offenders, than our Supreme Court found between oral copulation and unlawful intercourse. (*Id.* at pp. 1206–1207.)

As discussed *ante*, the *Hofsheier* court noted that section 288a (oral copulation) and section 261.5 (unlawful sexual intercourse) both followed a pattern of imposing greater punishment depending on the age of the parties and the presence or absence of force or other coercion. (*Hofsheier, supra*, 37 Cal.4th at p. 1195.) Similarly, section 286 (sodomy) provides for a graduated scale of punishment that mirrors section 288a in its entirety. Other than the definitions of the sexual acts, both sections provide for the same convictions and sentencing terms, depending upon the nature of the criminal violation, in nearly identical language. (See §§ 286, 288a.) Historically, sections 286 and 288a criminalized every act of sodomy and oral copulation, respectively, regardless of age or consent until they were both amended in 1975. (Stats. 1975, ch. 71, §§ 7, 10, pp. 133, 134.) With such statutory similarity, we see no reason why the Legislature would conclude that persons convicted of voluntary sodomy with a minor over the age of 16, as opposed to those convicted of voluntary intercourse or voluntary oral copulation with a minor of the same age, constitute a class of " 'particularly incorrigible offenders.' " (*Hofsheier, supra*, at pp. 1206–1207.)

■ Consistent with *Hofsheier*, we hold that an order imposing mandatory sex offender registration on defendant due to his conviction for a mutually voluntary act of sodomy with a 17-year-old minor violates his right to equal protection, as guaranteed by the federal and California Constitutions.

### 3. *Remedy*

As in *Hofsheier*, because section 290's lifetime registration requirement cannot be constitutionally applied to defendant, the matter should be remanded to the trial court so it can implement the requirements of section 290.006. (*Hofsheier, supra*, 37 Cal.4th at pp. 1208–1209.) In order to do so, "the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender." (*Id.* at p. 1197; see § 290.006.) Most importantly, the trial court must consider the likelihood defendant will reoffend. (See *People v. Garcia* (2008) 161 Cal.App.4th 475, 485 [74 Cal.Rptr.3d 681]; *Hofsheier*, at p. 1196.)

### B. *Other Sentencing Issues*

The abstract of judgment indicates that defendant was sentenced to the *lower* term of two years for his conviction on count one, but two years is

actually the *middle* term for that offense. (See §§ 18, 261.5, subd. (c).) Also, the abstract of judgment provides that the term on count two is to be served *consecutively*. However, the clerk's minutes and the trial court's oral pronouncement indicate the court intended the term on count two to be served *concurrently* with the two-year term on count one. On remand, defendant's abstract of judgment shall be corrected to reflect that he was sentenced to the middle term on count one and his term on count two is to be served concurrently.

■ Additionally, the court erred in determining the length of defendant's concurrent sentence on count two as one-third of the middle term of two years. "Because concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a), they are imposed at the full base term, not according to the one-third middle term formula . . . ." (*People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3 [37 Cal.Rptr.3d 884].) Defendant's sentence for count two was therefore unauthorized by law and is "reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 [55 Cal.Rptr.3d 716, 153 P.3d 282], quoting *People v. Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802].) Accordingly, we vacate the unauthorized sentence on count two and remand the matter for the trial court to impose a concurrent sentence on count two of either the full middle term of two years or the full mitigated term of 16 months. The abstract of judgment should be modified accordingly, and copies of the amended abstract should be forwarded to California's Department of Corrections and Rehabilitation.

## III. DISPOSITION

The judgment is reversed insofar as it imposes mandatory sex offender registration on defendant pursuant to section 290, subdivision (c) and a concurrent term of eight months on count two. We remand the matter to the trial court to (1) determine whether defendant should be required to register as a sex offender pursuant to section 290.006, by following the two-step process delineated in *Hofsheier*; (2) correct defendant's abstract of judgment to reflect that his sentence for count one is the middle term of two years; (3) modify defendant's sentence on count two to impose a lawful concurrent sentence of either 16 months or two years, to run concurrently with the sentence for count one, and amend the abstract of judgment to accurately reflect a lawful concurrent sentence on count two; and (4) forward copies of the corrected and amended abstract to California's Department of Corrections and Rehabilitation. In all other respects, the judgment of the trial court is affirmed.

Marchiano, P. J., concurred.

**GRAHAM, J.,**[*] Concurring.—I concur with the result. The significant issue presented here is whether statutorily mandatory imposition of Penal Code section 290[1] registration upon Mr. Thompson, a 36-year-old man who sodomized a 17-year-old developmentally disabled girl, meets constitutional muster. I agree with my colleagues that *People v. Hofsheier*[2] requires reversal, but note Justice Baxter's cogent dissent in that case.[3]

However, I remain troubled by the use of the term "voluntary" with reference to the sex act with a young person in this case and that in *Hofsheier*. The term "voluntary" does not appear in section 286, subdivision (b)(1) or any of the other similar sections set out for the protection of people of tender years from sexual predation. I respectfully suggest that the reason for the omission of that word or any like it is that the Legislature founds this body of law upon the ancient and hopefully still venerable notion that young people cannot be considered to have consented or volunteered to participate in such activity because of their want of years, experience, informed judgment, authority, and autonomy.

In the discussion of sexual crimes, the distinction between those accomplished by force and violence and those not does have a place. There is a class of sexual behavior prohibited by the Penal Code "when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person . . . ." (E.g., § 286, subd. (c)(2).) But in acknowledging this distinction we should not employ for mere convenience language which undermines the logical and principled underpinnings of important societal protection and prohibition. The fact that one class of sexual prohibitions is based upon the age of the victims and another is based upon the use of force and violence by the perpetrator does not make sex crimes against children who do not resist "voluntary." A legal culture which can devote millions of pages to examination of the voluntariness of searches, confessions and criminal pleas can surely afford a little care and ink to avoid confusing and diluting the moral imperative to protect children from sexual predators.

In *Hofsheier* the Facts and Proceedings section begins: "On April 6, 2003, defendant engaged in *voluntary oral copulation with a 16-year-old girl*[2]" (*Hofsheier, supra*, 37 Cal.4th 1185, 1193, italics added.) Footnote 2 in *Hofsheier* may acknowledge the problem created by the unnecessary and unfortunate use of the adjective "voluntary" but I respectfully suggest it does

---

[*] Retired judge of the Marin Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All further statutory references are to the Penal Code.

[2] *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*).

[3] See *Hofsheier, supra*, 37 Cal.4th 1185, 1209 (dis. opn. of Baxter, J.).

not cure it: Footnote 2 reads: "In this opinion, we use the term 'voluntary' in a special and restricted sense to indicate both that the minor victim willingly participated in the act and to the absence of various statutory aggravating circumstances: the perpetrator's use of 'force, violence, duress, menace or fear of immediate and unlawful bodily injury on the victim or another person' (§ 288a, subd. (c)(2)); the perpetrator's 'threatening to retaliate in the future against the victim or any other person' (§ 288a, subd. (c)(3)); and the commission of the act while the victim is unconscious (§ 288a, subd. (f)) or intoxicated (§ 288a, subd. (i))." (*Hofsheier*, at p. 1193, fn. 2.)

The problem created is twofold. First, "voluntary" is a substantially developed term of art and borrowing it for an unaccustomed purpose even with a footnote for protection is not likely to assist in a clear understanding of the law. Second, the phrase "voluntary oral copulation with a 16-year-old girl" is effectively front page column one of the opinion (*Hofsheier, supra*, 37 Cal.4th 1185, 1193) and the disclaimer purporting to redefine the term "voluntary" is effectively nine pages in with the retractions (fn. 2). (*Hofsheier, supra*, at p. 1193.) Predictably, the unnecessary phrase in the text will take on a life of its own and the footnote will recede into oblivion. In fact a review of cases, published and unpublished, citing *Hofsheier* shows this process to be well under way. Our own opinion dutifully includes *Hofsheier*'s phrase "voluntary oral copulation." Out of concern for the problem I mention here, the majority has included a qualifying footnote 5. (See maj. opn., *ante*, at p. 1428.) In *People v. Ranscht* (2009) 173 Cal.App.4th 1369 [93 Cal.Rptr.3d 800], the Fourth District Court of Appeal refers to "voluntary oral copulation with a 16-year-old minor" and footnote 2 is lost on the cutting room floor. So far, the First, Second and Sixth Districts have done the same in published opinions, adopting the phrase from the text of *Hofsheier* and omitting the footnote. (*In re J.P.* (2009) 170 Cal.App.4th 1292 [89 Cal.Rptr.3d 17] [in places substitutes "nonforcible"] [First App. Dist.]; *Lewis v. Superior Court* (2008) 169 Cal.App.4th 70 [86 Cal.Rptr.3d 565] [Sixth App. Dist.]; *People v. Anderson* (2008) 168 Cal.App.4th 135 [85 Cal.Rptr.3d 262] [Sixth App. Dist.]; *People v. Hernandez* (2008) 166 Cal.App.4th 641 [83 Cal.Rptr.3d 29] [Second App. Dist.]; *People v. Garcia* (2008) 161 Cal.App.4th 475 [74 Cal.Rptr.3d 681] [Second App. Dist.].)[4] How could we expect any other result?

---

[4] More than a score of unpublished opinions from around the state have repeated the unfortunate pattern. One published opinion from the First District, in referring to the *Hofsheier* holding, omits the adjective "voluntary" instead expending the small effort and space to refer accurately to the "victim's willing participation, absence of statutory aggravating factors like force or violence." (*People v. Zaidi* (2007) 147 Cal.App.4th 1470, 1483 [55 Cal.Rptr.3d 566].) One case from the Second District employs the unfortunate phrase but includes its own footnote 2, reproducing much of the redefinition of the word "voluntary" from the *Hofsheier* footnote 2. (*People v. Manchel* (2008) 163 Cal.App.4th 1108, 1110, fn. 2 [78 Cal.Rptr.3d 194].)

The crime is not "voluntary oral copulation with a minor"; the crime is oral copulation with or upon a minor. Unfortunately, we now have a growing body of law which suggests that sex acts with minors may be voluntary or involuntary. While this is not the law, the unnecessary employment of the phrase and the mere attempt in a footnote to excuse its use create a drift in that direction. The law and society presume that the minor does not consent or volunteer for the event because of the age disability. Simply put, the crime is oral copulation (or sex or sodomy) with a minor. *Voluntary* oral copulation (or sex or sodomy) with a minor is an oxymoron which is capable of substantial damage.