Filed 5/26/15  P. v. Scott CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>LIONEL A. SCOTT,<br><br>        Defendant and Appellant. | D065830<br><br><br><br>(Super. Ct. No. SCD137581) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed with directions.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Lionel A. Scott, who is serving an indeterminate term of 75 years to life, contends the trial court erroneously denied his petition to recall his sentence under the Three Strikes Reform Act of 2012 (Reform Act) (Pen. Code, § 1170.126).[1] Scott contends he is eligible for resentencing for two of his six current felony offenses—two counts of oral copulation by an adult with a minor under 16 years of age (§ 288a, subd. (b)(2))—because he asserts these are "non-serious non-violent felonies." Scott asks us to determine if an inmate is eligible to be resentenced for offenses that are not serious or violent felonies even though he concedes the other felony offenses for which he is currently serving an indeterminate life term—forcible rape (§ 261, subd. (a)(2)), forcible oral copulation (§ 288a, subd. (c)(2)), and unlawful sexual intercourse with a minor under the age of 16 (§ 261.5, subd. (d))—are not eligible for resentencing. The Supreme Court is currently considering this issue in *Braziel v. Superior Court*, review granted July 30, 2014, S218503, and *People v. Machado*, review granted July 30, 2014, S219819.

We need not enter into this fray because the two offenses for which Scott seeks resentencing are disqualifying sex offenses under section 1170.126, subdivision (e)(2). Because Scott is ineligible for resentencing, we affirm the order denying his petition to recall his sentence. However, we direct the trial court to amend the abstract of judgment to correct certain clerical errors.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

2

BACKGROUND

Scott, then 40 years old, along with his brother, met two 14-year-old girls at a mall and exchanged telephone numbers. The following day, Scott's brother called one of the girls and arranged to meet them. (*People v. Scott* (2000) 83 Cal.App.4th 784, 789.) The men took the girls to their apartment where Scott raped one of the girls and made her orally copulate him. (*Id*. at p. 790.)

Two separate juries convicted Scott in 1999 of unlawful sexual intercourse with a minor (§ 261.5, subd. (d)), two counts of oral copulation on a minor (§ 288a, subd. (b)(2)), one count of forcible rape (§ 261, subd. (a)(2)), and two counts of forcible oral copulation (§ 288a, subd. (c)(2)). The court found true allegations Scott suffered two prior strike convictions. The court sentenced him to a total prison term of 75 years to life consisting of a sentence of 25 years to life for the forcible rape count and consecutive sentences of 25 years to life for the two forcible oral copulation counts. The court imposed sentences of 25 years to life for each of the remaining three counts, but stayed the sentences pursuant to section 654. We affirmed the judgments in a partially published opinion. (*People v. Scott* (2000) 83 Cal.App.4th 784.)

In 2014, Scott petitioned to recall his sentence pursuant to section 1170.126. The trial court denied the petition concluding the three forcible sex crimes—the rape count and the two counts of forcible oral copulation of a minor—are sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b), which render

3

him ineligible for resentencing under section 1170.126.[2]  Scott timely appealed.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601 [an order denying a petition to recall a sentence pursuant to section 1170.126 is an appealable order].)

DISCUSSION

I

We are asked to determine eligibility for resentencing based upon statutory interpretation.  Because this is a question of law, we review the issue de novo.  (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1181.)

Under the original version of the three strikes law, a recidivist offender with two or more prior strikes is subject to an indeterminate life sentence if he or she is convicted of a new felony.  The Reform Act "diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor.  In all other cases, the recidivist will be sentenced as a second strike offender.  (§§ 667, 1170.12.)  The [Reform] Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court

---

[2]    The trial court cited section 1170.126, subdivision (e)(3), which refers to disqualifying "prior convictions," such as sexually violent offenses.  Section 170.126, subdivision (e)(1), also makes an inmate ineligible if he "is serving" an indeterminate term of life imprisonment for a conviction of serious and/or violent felony or felonies as defined by section 667.5, subdivision (c), or section 1192.7, subdivision (c).

4

determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)"  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

Eligibility for resentencing is governed by section 1170.126, subdivision (e), which makes an inmate eligible if (1) the inmate is serving a third strike life term for a felony that is not serious or violent; (2) the inmate's current sentence has no specified disqualifying offenses, such as certain sex offenses, drug charges, use of firearms or great bodily injury; and (3) prior offenses do not include specified crimes such as certain sex offenses, homicide crimes, certain assaults on peace officers, or felonies punishable by life imprisonment or death.[3]

We need not decide whether or not Scott is eligible under the first criteria for resentencing as to two of his six current convictions (four of which he admits render him ineligible), because we conclude the two offenses for which he seeks resentencing are

---

[3]     Section 1170.126, subdivision (e) reads as follows:  "An inmate is eligible for resentencing if:

"(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

"(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

disqualifying offenses under the second criteria.[4] "[T]he second resentencing eligibility criterion set forth in [section] 1170.126[, subdivision] (e)(2) is *not* satisfied—and the petitioning prisoner is *ineligible* for resentencing relief under the Reform Act—if the prisoner's life sentence was imposed for any of the disqualifying offenses . . . appearing in sections 667[, subdivision] (e)(2)(C)(i)–(iii) and 1170.12[, subdivision] (c)(2)(C)(i)–(iii)." (*People v. White* (2014) 223 Cal.App.4th 512, 523.)

Among the disqualifying offenses are specified felony sex offenses and, with exceptions not applicable here, "any felony offense[s] that result[] in mandatory registration as a sex offender" under section 290, subdivision (c). (§§ 667, subd. (e)(2)(C)(ii), 1170.12, subd. (c)(2)(C)(ii).)[5] Section 290, subdivision (c), states a conviction for oral copulation of a minor under the age of 16 by a person over 21 years of age in violation of section 288a, subdivision (b)(2), requires mandatory registration as a sex offender. (§ 290, subd. (c).)

---

[4]     We assume, without deciding, for purposes of this decision a court may consider the eligibility of an offense under section 1170.126 even if the sentence for that offense is stayed under section 654. We note the Supreme Court has granted review in two of the cases cited by Scott on this point (*People v. Soto*, review granted Oct. 15, 2014, S220856, and *People v. Atkins*, review granted Nov. 12, 2014, S221786), but has deferred briefing pending its decision in *Braziel v. Superior Court*, S218503 and *People v. Machado*, S219819.

[5]     Scott concedes his conviction for unlawful sexual intercourse with a minor (§ 261.5, subd. (d)), is a disqualifying offense appearing in sections 667, subdivision (e)(2)(C)(ii), and 1170.12, subdivision (c)(2)(C)(ii).

6

Scott contends he is eligible for resentencing because, at the time he filed his petition to recall his sentence in 2014, registration as a sex offender was not mandatory for section 288a, subdivision (b)(2) convictions. We are not persuaded.

In *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*), the Supreme Court held section 290's mandatory registration requirement for a violation of section 288a, subdivision (b)(1) (oral copulation with a 16 or 17 year old minor), violated state and federal equal protection clauses because the statute does not require mandatory registration for a violation of section 261.5 for unlawful intercourse with a minor. (*Hofsheier*, *supra*, at p. 1207.) Although the Supreme Court limited its holding to convictions under section 288a, subdivision (b)(1) (*Hofsheir*, at p. 1198), some Courts of Appeal applied the equal protection analysis to convictions under section 288a, subdivision (b)(2) (oral copulation with a minor under 16 years of age). (*People v. Luansing* (2009) 176 Cal.App.4th 676, 685; *People v. Hernandez* (2008) 166 Cal.App.4th 641, 648-651; *People v. Garcia* (2008) 161 Cal.App.4th 475, 481-482.) One Court of Appeal opinion distinguished *Hofsheier* and declined to extend the equal protection analysis to convictions under section 288a, subdivision (b)(2). (*People v. Manchel* (2008) 163 Cal.App.4th 1108, 1111, 1115.)

Earlier this year, in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871 (*Johnson*), the Supreme Court revisited and overruled *Hofsheier*, *supra*, 37 Cal.4th 1185 concluding its equal protection analysis was faulty because there is a rational basis for the Legislature's differentiated treatment of section 261.5 and section 288a offenders. (*Johnson*, *supra*, at pp. 874-875, 887-888.) "Actual and plausible legislative concerns

7

regarding recidivism, teen pregnancy, and the support of children conceived as a result of intercourse provide a rational basis for the difference in registration consequences as between those convicted of unlawful intercourse and those convicted of nonforcible oral copulation." (*Id.* at p. 889.)  The Supreme Court disapproved those Court of Appeal decisions extending *Hofsheier's* rationale "to other sex offenses involving minors and others," including those extending the analysis to convictions under section 288a, subdivision (b)(2).  (*Johnson*, at p. 888, disapproving *People v. Luansing*, *supra*, 176 Cal.App.4th at p. 685; *People v. Hernandez*, *supra*, 166 Cal.App.4th at pp. 648-651; and *People v. Garcia*, *supra*, 161 Cal.App.4th at pp. 481-482.)

The *Johnson* court acknowledged a "decision of a court overruling a prior decision is typically given full retroactive effect" unless an appellate court decides it is appropriate to restrict retroactive application of an overruling decision "on grounds of equity and public policy." (*Johnson, supra,* 60 Cal.4th at p. 888.)  Although the *Johnson* court did not decide whether its decision overruling *Hofsheier*, *supra*, 37 Cal.4th 1185 should be given retroactive effect in all cases, the court determined there was "no reason to deny retroactive application where, as here, a sex offender has taken no action in justifiable reliance on the overruled decision." (*Johnson*, at p. 889.)

Similarly here, *Johnson*, *supra*, 60 Cal.4th 871 should apply retroactively and precludes Scott's argument he is eligible for resentencing based on these convictions. When a jury convicted Scott in 1999 of two violations of section 288a, subdivision (b)(2), registration as a sex offender was mandatory under former section 290, subdivision (a)(2). (Stats. 1998 ch. 485, § 128, p. 3440.)  He has since been serving his sentence of

8

75 years to life for the offenses he admits are not eligible for resentencing. If he is ever released, he will be required to register as a sex offender for the section 288a, subdivision (b)(2) violations. (§ 290.003.) The fact Scott filed his petition within a window of time where there may have been some ambiguity in the application of the registration statutes does not compel departure from the general rule of retroactive application of judicial opinions. Under these circumstances, "there is no unfairness or inequity" in concluding Scott's convictions for violations of section 288a, subdivision (b)(2), render him ineligible for resentencing under section 1170.126, subdivision (e)(2). (*Johnson*, at p. 889.)

## II

The People concede the amended abstract of judgment is incorrect in two respects: (1) it reflects Scott's conviction under count 4 as a conviction for forcible oral copulation under section 288a, subdivision (c), when it should reflect a conviction under section 288a, subdivision (b)(2); and (2) it reflects Scott's conviction under count 2 for unlawful sexual intercourse by a person 21 years or older with a minor under age 16 as a violation of section 261, subdivision (a)(2), when it should reflect a violation of section 261.5, subdivision (d). We may order correction of clerical errors in an abstract of judgment at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Mendez* (2010) 188 Cal.App.4th 47, 61.) We, therefore, order the trial court to amend the abstract of judgment to correct these clerical errors.

9

DISPOSITION

Because Scott is ineligible for resentencing under section 1170.126, subdivision (e)(2), the order denying the petition for recall of sentence is affirmed.

The trial court is directed to amend the abstract of judgment as follows:  for count 2 replace the statutory reference to section 261, subdivision (a)(2), with section 261.5, subdivision (d); for count 4 replace the statutory reference to section 288a, subdivision (c), with section 288a, subdivision (b)(2).  The court is also directed to forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.


MᴄCONNELL, P. J.

WE CONCUR:


BENKE, J.


O'ROURKE, J.


10