Filed 3/23/16  P. v. Smith CA2/1
Received for posting 3/24/16

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SCOTT SMITH,<br><br>    Defendant and Appellant. | B248357<br><br>(Los Angeles County<br>Super. Ct. No. NA091592) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Gary J. Ferrari, Judge.  Reversed.

———

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

———

Pursuant to a plea bargain, defendant Scott Smith pleaded no contest to a charge of possession of methamphetamine for sale and admitted a firearm allegation in exchange for a five-year prison sentence. At the time the court accepted the plea, it did not obtain a so-called *Cruz*[1] waiver from defendant. When the defendant thereafter failed to appear for sentencing, the court sentenced defendant to eight years in prison and denied defendant's request to withdraw his plea. Defendant contends that the court erred by imposing a sentence greater than the term of the plea bargain without allowing him to withdraw his plea. The Attorney General does not disagree. We agree and reverse.

### FACTUAL AND PROCEDURAL SUMMARY

An information charged defendant with possession of methamphetamine for sale (count 1; Health & Saf. Code, § 11378); possession of a controlled substance while armed with a firearm (count 2; Health & Saf. Code, § 11370.1, subd. (a)); being a felon in possession of a firearm (count 3; Pen. Code, § 29800, subd. (a)(1));[2] and being a felon in possession of ammunition (count 4; § 30305, subd. (a)(1)). The information further alleged that he was personally armed with a firearm and had been previously convicted of possession of a controlled substance for sale. (§ 12022, subd. (c); Health & Saf. Code, §§ 11370.2, subd. (c), 11378.) His maximum potential sentence was 12 years 4 months.

On August 14, 2012, pursuant to a negotiated plea agreement with the District Attorney and approved by the court, defendant pleaded no contest to count 1 and admitted the firearm allegation in exchange for dismissal of the other charges and a sentence of five years in state prison. The court advised defendant of his constitutional rights, which defendant expressly waived, then accepted the defendant's plea and, based on stipulated facts, convicted him of count 1 and found the firearm allegation true. The court dismissed the remaining counts.

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).

[2] All subsequent statutory references are to the Penal Code unless otherwise indicated.

2

After accepting the plea, the court ordered defendant to return for sentencing on October 4, 2012, and informed defendant: "[I]f you fail to appear on that date, the five[] years is off the table and you're looking at the maximum time in custody. It's absolutely, unequivocally essential that you . . . appear on that date." Defendant said he understood.

Defendant failed to appear for sentencing on October 4, 2012, and the court issued a bench warrant.

In November 2012, defendant was arrested and the court ordered him held without bail.

On February 22, 2013, in the presence of defendant, the court sentenced him to eight years in prison, consisting of the high term of three years on count 1, plus the high term of five years on the firearm allegation. The court told defendant it was imposing the high terms because: "You were told at the time of the plea if you failed to appear that date, the plea bargain was gone and you would receive the maximum time in custody. And not only did you not appear on the date, you managed to get yourself arrested on another offense."

Defendant apologized for not returning to court on October 4, 2012, and explained: "I was distraught, I was on drugs, I wasn't thinking clearly," and said he did not understand what he had admitted. The court denied his request to withdraw his plea.

Defendant filed a notice of appeal, and the court denied his request for a certificate of probable cause.[3]

---

[3]   In his notice of appeal, filed by defendant in pro. per., defendant argued that he is entitled to withdraw his plea because his counsel was constitutionally deficient in advising him to accept the plea deal. He does not assert this argument in his brief on appeal.

## DISCUSSION

Under section 1192.5, when a defendant's "plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in [that] section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea. [¶] If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, *the defendant shall be permitted to withdraw his or her plea if he or she desires to do so*." (Italics added.)

In *Cruz*, our Supreme Court held that when a defendant enters a plea pursuant to a plea agreement and the court subsequently withdraws its approval of the agreement because the defendant failed to appear at the sentencing hearing, the defendant retains the right to withdraw his or her plea. (*Cruz*, *supra*, 44 Cal.3d at pp. 1250, 1254; see *People v. Masloski* (2001) 25 Cal.4th 1212, 1215, fn. 2.) In this case, defendant entered a plea pursuant to a plea agreement, which the court approved. Defendant thereafter failed to appear at the sentencing hearing and, on that basis, the court withdrew its approval of the agreement. It proceeded to impose a sentence greater than the terms of the plea agreement without allowing defendant to withdraw his plea. Under *Cruz*, this was error.

As *Cruz* acknowledged, a defendant can waive the protections provided by section 1192.5. (*Cruz*, *supra*, 44 Cal.3d at p. 1254, fn. 5.) Here, however, the defendant did not waive that right. Instead, as the Attorney General concedes, "the court unilaterally imposed a sanction for nonappearance at sentencing"; "[t]he court never explained the meaning of a *Cruz* waiver to defendant, nor was defendant provided with a statement of his rights under section 1192.5, including, most importantly, his right to withdraw his plea if the court chose not to sentence in accordance with the plea bargain."

4

Defendant contends that we should order specific performance of the plea agreement and direct the trial court to sentence defendant in accordance with the agreement. We disagree. Upon remand, the court has the option to withdraw approval of the plea agreement. (See *People v. Kim* (2011) 193 Cal.App.4th 1355, 1365.) If it disapproves the agreement, it must give defendant the option of withdrawing his plea. (*Ibid.*)

Finally, we agree with defendant that his appeal is not precluded by his failure to obtain a certificate of probable cause. Such a certificate is not required when, as here, the "defendant does not challenge the original validity of the plea but asserts that errors were committed in proceedings subsequent to the plea for the purpose of determining the penalty to be imposed." (*People v. Kaaneha* (1977) 19 Cal.3d 1, 8; see also *People v. Hernandez* (2008) 166 Cal.App.4th 641, 646 ["A postplea question not challenging the validity of a guilty plea is a noncertificate issue that may be raised on appeal after a guilty or no contest plea without a certificate of probable cause."].)

**DISPOSITION**

The judgment is reversed.

NOT TO BE PUBLISHED.


                                            ROTHSCHILD, P. J.
We concur:



            CHANEY, J.



            LUI, J.

5