Filed 1/29/15  P. v. Williams CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064768 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD244308) |
| CORY BRANDON WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed in part and reversed in part, remanded for further proceedings.

Loleena H. Ansari, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Barry J.T. Carlton and Lise Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

Cory Brandon Williams pleaded guilty to two counts of unlawful intercourse with a minor under 16 years of age. The trial court suspended sentence, placed Williams on probation for three years consisting of 365 days in custody and two years of formal probation and ordered him to register as a sex offender. Williams appeals, contending (1) the trial court erred in imposing probation conditions requiring that (a) a probation officer approve his residence and (b) he submit to warrantless searches, (2) the trial court improperly imposed the sex offender registration requirement, and (3) the order to register as a sex offender violated *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*). We affirm the conviction as modified by striking the probation condition requiring approval of his residence. We reverse the trial court's order imposing discretionary sex offender registration on Williams under Penal Code section 290.006 and remand the matter for the limited purpose of resentencing with respect to the order requiring Williams to register as a sex offender. (Undesignated statutory references are to the Penal Code.)

FACTUAL BACKGROUND

Williams, age 22, and 15-year-old C.P. lived in the same complex. Williams gave C.P. cigarettes and they "'got together'" and "'fooled around'" twice. The first time he kissed C.P. and the second time he touched her "'whole body'" and digitally penetrated her vagina. At some point, Williams and C.P. were talking in a stairwell, when Williams told her he was "'horny.'" The couple had sex in the stairwell. C.P. explained that she "felt like [she] had to because he was getting [her] cigarettes and stuff." C.P. did not initially report the incident because she was in "denial."

2

Williams later encountered C.P. and her 14-year-old friend S.W. at a hot tub located in the complex where Williams and C.P. lived. C.P. and S.W. had been drinking alcohol and S.W. was heavily intoxicated. S.W. and Williams left and she smoked some marijuana with him. Over S.W.'s protests and as she was passing out and almost falling asleep, Williams engaged in sexual intercourse with her without a condom.

About two months later, after the case had been assigned to detectives, the detectives began exchanging text messages with Williams posing as C.P. Through the exchange, the detectives confirmed Williams's knowledge that C.P. was a minor, yet he asked her to send nude photos of herself to which he could masturbate. He also instructed her to erase the text messages and change his name to "'Erika'" in C.P.'s contacts.

## DISCUSSION

### I. *Probation Conditions*

A. General Legal Principles

A probation condition is invalid if it (1) is not related to the crime of which the offender was convicted, (2) relates to noncriminal conduct, and (3) requires or forbids conduct which is not reasonably related to future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) All three parts of the *Lent* reasonableness test must be satisfied before a reviewing court will invalidate a condition of probation. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) Probation conditions should be given "'the meaning that would appear to a reasonable, objective reader.'" (*Id.* at p. 382.)

3

A challenge to a probation condition based on the *Lent* unreasonableness factors is forfeited on appeal if the defendant fails to object on that ground in the trial court. (*People v. Welch* (1993) 5 Cal.4th 228, 234-238.) However, a defendant may raise on appeal, without having objected in the trial court, an appellate claim amounting to a "'facial challenge'" based on a constitutional defect that does not require scrutiny of individual facts and circumstances. (*In re Sheena K.* (2007) 40 Cal.4th 875, 885-886 (*Sheena K.*).) In other words, for the forfeiture exception to apply, an appellate court must only concern itself with abstract and generalized legal concepts and not with the individual facts and circumstances of the case. (*Id.* at p. 885.) A probation condition that imposes limitations "on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Id.* at p. 890.)

We review a trial court's imposition of a probation condition for an abuse of discretion. (See *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.) "However, we review constitutional challenges to a probation condition de novo." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

B. Residency Approval Condition

As a condition of probation, the trial court required Williams to "[o]btain P.O. approval as to residence." (The propriety of a residence approval probation condition in a case involving possession of drugs and misdemeanor drug use is presently before the Supreme Court in *People v. Schaeffer* (2012) 208 Cal.App.4th 1, review granted Oct. 31, 2012, S205260.) Williams concedes he did not challenge the condition below, but asserts

4

his claim is not forfeited because the condition unconstitutionally impinges on his rights to travel and freely associate. Specifically, he asserts the residency approval condition is unconstitutional on its face as it confers untailored carte blanche power to the probation officer. Williams has forfeited all claims except a challenge "based on the ground the condition is vague or overbroad and thus facially unconstitutional." (*Sheena K.*, *supra*, 40 Cal.4th at p. 878.) Accordingly, we focus only on the constitutionality of the condition, not whether it is reasonable as applied to Williams.

The Attorney General does not contend that Williams's residence was related to his crime and the record does not support such a contention. Rather, the Attorney General asserts the residence approval condition is reasonably related to the compelling state interest in reformation and rehabilitation by preventing Williams from having ready access to minor girls. While accomplishing this purpose, under the imposed probation condition, the probation officer could prohibit Williams from living with any person, for any reason, as the condition places no limits on the probation officer's discretion and sets no guidelines for the exercise of that discretion. The condition could allow the probation officer to prevent Williams from living with his own child or in any housing complex where minor girls are present.

The residence approval condition is overbroad as it impedes Williams's rights to travel and freely associate and is not narrowly tailored to the government's interests of rehabilitation and protection of the public. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Moreover, we note unchallenged conditions of the probation order require Williams to notify the probation officer within 72 hours of any change of address. He also is barred

5

from knowingly associating with minors. These conditions adequately address the state's interest in rehabilitation and protection of the public without unduly burdening Williams's constitutional right to freedom of association. (*In re White* (1979) 97 Cal.App.3d 141, 150 ["If available alternative means exist which are less violative of the constitutional right and are narrowly drawn so as to correlate more closely with the purposes contemplated, those alternatives should be used."].) Accordingly, we modify the probation order by striking the condition requiring Williams to obtain approval of his residence from his probation officer.

C. Warrantless Search Term

The trial court also conditioned probation on Williams submitting his "person, vehicle, residence, property, personal effects, computers, and recordable media to search at any time with or without a warrant, and with or without reasonable cause," when required by the probation officer, or any law enforcement officer. Williams concedes he did not object to the probation condition below, but asserts the claim is not forfeited because it presents a pure question of constitutional law. In making his argument, however, Williams refers to the facts of his case and claims the condition should be stricken "given the facts in [his] case." Thus, while purportedly presenting a facial challenge to the constitutionality of the condition, requiring no reference to the record below, Williams's argument relies on the particular facts of his conviction. Accordingly, we conclude that Williams has forfeited his appellate claim concerning the warrantless search condition by not objecting below. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 885, 889.)

6

## II. *Sex Offender Registration - Alleged* Apprendi *Violation*

A. General Legal Principles

Sex offender registration is mandatory where a person is convicted of one or more enumerated sex crimes. (§ 290, subd. (b).) "'The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future.'" (*In re Alva* (2004) 33 Cal.4th 254, 264.) Another purpose is to notify the public of convicted sex offenders' existence and location so that persons may take protective action. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1196.) Section 290.006 permits the trial court to order sex offender registration on a discretionary basis for those who have committed offenses other than those that trigger mandatory registration under Penal Code section 290.

In November 2006, the voters enacted Proposition 83, the Sexual Predator Punishment and Control Act: Jessica's Law. (*In re E.J.* (2010) 47 Cal.4th 1258, 1263.) Among other things, Proposition 83 amended section 3003.5, a statute setting forth restrictions on where certain sex offenders subject to the lifetime registration requirement of section 290 may reside. Section 3003.5 is included in a portion of the Penal Code addressing *parolees*. Subdivision (b), added to section 3003.5, provides the following: "Notwithstanding any other provision of law, it is unlawful for *any person* for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather." (§ 3003.5, subd. (b) (section 3003.5(b)), italics added.)

7

The Sixth Amendment guarantees that a defendant's punishment cannot be increased beyond the maximum penalty authorized by the facts reflected in a jury verdict or a guilty plea.  (*Apprendi*, *supra*, 530 U.S. at p. 490.)  Any fact, other than a prior conviction, that increases punishment beyond the maximum must be submitted to a jury and proved beyond a reasonable doubt.  (*Ibid.*)  The United States Supreme Court has concluded that sex offender registration does not constitute punishment.  (*Smith v. Doe* (2003) 538 U.S. 84, 89, 105-106.)  With respect to California's statutory scheme, our high court came to the same conclusion.  (*In re Alva*, *supra*, 33 Cal.4th at pp. 288-289.)

B.  Analysis

Williams contends the trial court's order for him to register as a sex offender under section 290.006 violated the Sixth Amendment under *Apprendi* because the residency restriction of section 3003.5(b) applies to him and imposes punishment beyond the statutory maximum based on facts not admitted by him, or submitted to a jury and proved beyond a reasonable doubt.  The issue whether the Proposition 83 residency restriction, when enforced as a mandatory parole condition against registered sex offenders paroled to San Diego County constitutes an unreasonable statutory parole condition that infringes on their constitutional rights is pending before our high court.  (*In re Taylor* (2012) 209 Cal.App.4th 210, review granted Jan. 3, 2013, S206143.)  The issue whether the discretionary imposition of lifetime sex offender registration, which includes the section 3003.5(b) residency restrictions, increases the penalty for the offense within the meaning of *Apprendi* thereby requiring that the facts supporting the trial court's imposition of the registration requirement be found true by a jury beyond a reasonable doubt is also

8

currently pending before our high court in *People v. Mosley* (2010) 188 Cal.App.4th 1090, review granted Jan. 26, 2011, S187965.

The Attorney General argues that the residency restriction of section 3003.5(b) applies only to parolees; thus, it does not apply to a probationer such as Williams. Williams concedes that should we adopt this construction, it would avoid the constitutional problems raised in his opening brief. The record on appeal shows the trial court did not refer to the residency restriction of section 3003.5(b) when imposing the discretionary registration requirement on Williams, and there is nothing indicating the residency restriction has ever been imposed on Williams by the authorities. We accept the People's concession and do not decide the underlying issues presented in this portion of Williams's appeal. Rather, we construe the judgment as not imposing the statutory residency restriction, thereby mooting Williams's arguments. (*People v. Picklesimer* (2010) 48 Cal.4th 330, 341-342 [court accepted People's concession, without deciding the issue, that defendant was not subject to mandatory registration requirement].)

III. *Alleged Errors in Ordering Sex Offender Registration*

A. General Legal Principles

Discretionary sex offender registration may be ordered "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (§ 290.006.) The trial court is required to "state on the record the reasons for its findings and the reasons for requiring registration." (*Ibid.*) "By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual

9

compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*People v. Hofsheier*, *supra*, 37 Cal.4th at p. 1197.)

In determining whether to exercise its discretion in requiring registration under section 290.006, the court may consider all relevant available information. (*People v. Garcia* (2008) 161 Cal.App.4th 475, 483.) "Most importantly, the trial court must consider the likelihood defendant will reoffend." (*People v. Thompson* (2009) 177 Cal.App.4th 1424, 1431.) The decision to impose registration under section 290.006 is reviewed for abuse of discretion. (See *In re Robert L.* (1993) 21 Cal.App.4th 1057, 1067.) A trial court abuses its discretion if it considers impermissible factors or applies an incorrect legal standard when making its decision. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

B. Factual Background

At the sentencing hearing, the trial court indicated that it considered the probation report, a defense sentencing memorandum and victim impact statements. S.W. presented a statement indicating that she has been diagnosed with PTSD, anxiety and depression. As a result of the crime, her school grades have suffered and she has lost faith in God. The impact statement from S.W.'s parents stated that instead of preparing for a new school year, their daughter is in residential care on medications and will thereafter require out-patient care. C.P.'s father also addressed the court, stating his daughter was in a special needs school and that S.W. is also in the "special needs category." He indicated that C.P. needs more counseling, does not sleep and scratches herself. Defense counsel

10

indicated that this was the first time the issue of special needs was brought up and he had no opportunity to investigate the claim. The trial court acknowledged that the defense had not investigated the "special needs" claims, but stated it received evidence regarding this from C.P.'s father and this was "one of many factors" it could consider.

The trial court found the crimes were "clearly" committed for sexual gratification, noting the victims were underage and had special needs. The court found that Williams victimized S.W. while she was intoxicated and that he did not use a condom. The court was "troubled" by Williams' request for photographs from C.P. and considered this further evidence of Williams's continued interest in underage victims. After considering "the impact of the registration on [Williams] versus the conduct and, most importantly, . . . the impact on these victims," the court found registration warranted. After defense counsel expressed concern that the impact of the crime on the victims was not reasonable in making a registration determination, the court stated that the "impact on the victim is a prime example of the harm that can be caused by doing this. . . . I want to protect victims in the future. The fact that we know this is how victims are impacted tells us the need to make sure that the public is warned and also just illustrates the wisdom of the law. [¶] So whether it's used as a factor to support the registration or whether it's just used as something that will bolster the court's wisdom, . . . I think it's relevant evidence."

C. Analysis

Williams contends the trial court erred in ordering discretionary registration because it misconstrued statements of C.P.'s father as evidence of a disability at the time of the offense so as to support a theory that Williams preyed on individuals of extreme

11

vulnerability, whereas the actual statements meant that the offense caused C.P. to develop special needs after the offense occurred. Williams next argues that after defense counsel objected to the use of the victims' status as special needs at the time of the offenses, the trial court made an erroneous alternate finding that the impact to the victims after the offense was a legitimate factor to consider in exercising its discretion. He contends the court abused its discretion in focusing on the impact to the victims, rather than his threat to society, as this emphasis implies the registration requirement is a type of punishment.

The Attorney General concedes the record does not support a finding that S.W. was a special needs child given the evidence that prior to the incident S.W. was a good student and active church member. The Attorney General also concedes, and we agree, the statements of C.P.'s father are ambiguous as to whether C.P. was a special needs child before the incident or whether the incident caused her to be a special needs child. Nonetheless, the Attorney General asserts we can affirm the registration requirement as it had many other reasons for imposing the registration requirement. On this record, we disagree.

The trial court found Williams committed the crimes for sexual gratification, relying on the fact the victims were underage and had special needs. The trial court specifically referenced the special needs status of both victims, suggesting it considered this factor to be of significant importance. The trial court abused its discretion by heavily relying on the purported special needs status of both victims at the time of the incidents as the record does not support this finding as to S.W. and the evidence is ambiguous as to C.P.

12

In weighing the impact of registration on Williams versus the impact on these victims, the trial court found the "most important[]" factor in ordering lifetime registration was the impact to these victims because it wanted to prevent future victims. The registration requirement is not punishment. (*In re Alva*, *supra*, 33 Cal.4th at pp. 288-289.) Thus, the trial court inappropriately considered the specific impact of the crimes on the two victims when ordering registration.

The trial court later explained it properly considered the impact to the victims because it wanted to prevent future victims. By this statement, the trial court seemingly made a finding that Williams was likely to reoffend. Although the trial court referenced the existence of a psychologist's report, it did not indicate whether it read and considered this report in making its findings. We consider this to be a significant omission for two reasons. First, the finding that a defendant is likely to reoffend is of great importance when ordering registration. (*People v. Thompson*, *supra*, 177 Cal.App.4th at p. 1431.) Second, defense counsel represented at the hearing that a psychologist found Williams *did not* pose a danger to the community, that he has been apologetic, open, remorseful and cooperative. The psychologist's report, however, is not part of the record on appeal as the clerk of the superior court represented the document could not be found. Accordingly, we cannot confirm defense counsel's representations.

On this record, we reverse the trial court's order imposing discretionary sex offender registration and remand the matter for a new hearing to determine whether to require Williams to register as a sex offender under section 290.006. On remand, the trial court is directed to consider any available psychological reports. Additionally,

13

Williams's plea agreement allows the sentencing court to consider "the entire factual background of the case." This broad waiver includes the probation report. Evidence of Williams's behavior since the time of the original sentencing hearing is also relevant in determining the likelihood of reoffense and should be considered. (*People v. Garcia*, *supra*, 161 Cal.App.4th at p. 485.)

## DISPOSITION

The conviction is affirmed as modified by striking the probation condition requiring approval of Williams's residence. We reverse the trial court's order imposing discretionary sex offender registration on Williams under section 290.006 and remand the matter for the limited purpose of resentencing with respect to the order requiring Williams to register as a sex offender under section 290.006.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.

14