Filed 12/8/20  P. v. Daniel CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B294344 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA088303) |
| v. | |
| SHAKIR LEON DANIEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court, Los Angeles County, Michael Jesic, Judge.  Convictions affirmed; judgment reversed with directions.

Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and Michael C. Keller and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted Shakir Leon Daniel of murder and found true the allegation he personally and intentionally discharged a firearm causing great bodily injury or death. Daniel appeals, challenging four aspects of his sentence. We agree with three of them, two of which the People concede and one of which raises an issue currently before the Supreme Court. Consequently, we direct the trial court to exercise its discretion whether to impose a lesser firearm enhancement and whether to strike or dismiss a five-year enhancement for a prior serious felony conviction. We also direct the trial court to correct mistakes in the sentencing minute order and the abstract of judgment. Because Daniel does not challenge his convictions, we affirm them.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     *Daniel Kills His Friend*

After Daniel slept with the ex-girlfriend of one of his friends, his relationship with the friend deteriorated. Late one evening they got into an argument, and Daniel shot his friend several times at close range, killing him.

### B.     *A Jury Convicts Daniel of Murder and Finds a Firearm Allegation True*

The People charged Daniel with one count of murder and one count of possession of a firearm by a felon. The People alleged Daniel personally used a firearm within the meaning of Penal Code section 12022.53, subdivision (b),[1] personally and intentionally discharged a firearm within the meaning of section

---

[1]     Statutory references are to the Penal Code.

12022.53, subdivision (c), and personally and intentionally discharged a firearm causing great bodily injury or death within the meaning of section 12022.53, subdivision (d).  The People also alleged Daniel had a prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12) and a prior serious felony conviction within the meaning of section 667, subdivision (a)(1).

The jury convicted Daniel of first degree murder and found true the allegation he personally and intentionally discharged a firearm causing great bodily injury or death within the meaning of section 12022.53, subdivision (d).  Although the People also alleged Daniel personally used a firearm within the meaning of section 12022.53, subdivision (b), and personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivision (c), the court instructed the jury only on the enhancements under section 12022.53, subdivisions (b) and (d), and the jury did not make any findings on the allegations under section 12022.53, subdivisions (b) or (c).  The jury also convicted Daniel of possession of a firearm by a felon.  Daniel admitted, and the trial court found, he had a prior serious or violent felony conviction within the meaning of the three strikes law and a prior conviction for a serious felony within the meaning of section 667, subdivision (a)(1).

The trial court granted Daniel's motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) to dismiss his prior serious or violent felony conviction for purposes of the three strikes law.  On the murder conviction, the trial court sentenced Daniel to 25 years to life, plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d), and five years for the prior serious felony conviction under section 667, subdivision (a)(1), for a total prison term of 55 years to life.  On the conviction for possession of a firearm by a felon,

3

the court sentenced Daniel to a concurrent term of two years.  In another case where Daniel pleaded no contest to possession of a firearm by a felon and admitted he had a prior serious or violent felony conviction (which the court did not strike under *Romero*), the court sentenced Daniel to a consecutive term of two years, doubled to four years under the three strikes law.  Daniel timely appealed.

## DISCUSSION

A.   *Resentencing Is Appropriate for the Trial Court To Exercise Its Discretion Whether To Impose a Lesser Firearm Enhancement Under Section 12022.53 and Whether To Strike the Five-year Enhancement Under Section 667, Subdivision (a)(1)*

As stated, in sentencing Daniel on his murder conviction, the trial court imposed a term of 25 years to life for the firearm enhancement under section 12022.53, subdivision (d), for personally and intentionally discharging a firearm causing great bodily injury or death.  The trial court sentenced Daniel after the Legislature amended section 12022.53, subdivision (h), to give the court the discretion to strike or dismiss firearm enhancements under section 12022.53.  (Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018.)  The trial court recognized it had discretion under section 1385 and section 12022.53, subdivision (h), to strike the enhancement under section 12022.53, subdivision (d), but the court chose not to strike the enhancement.  Daniel argues that, while the court understood it had discretion to strike or dismiss the enhancement under section 12022.53, subdivision (d), it is "unclear from the record . . . whether the court necessarily understood that dismissing the enhancement need not necessarily have resulted in the imposition of no punishment

4

whatsoever directed at the use and/or discharge of the firearm in conjunction with the murder. Rather, it still could have added either 10 or 20 years to the sentence by opting to impose the terms prescribed under subdivisions (b) or (c), respectively, of section 12022.53. Moreover, since the record provides no indication that the court knew it had these alternatives, it is impossible to tell whether or not it would have ruled in the same way if it had understood the full scope of its discretion."[2]

Daniel's argument squarely raises the issue on which the courts of appeal in *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*) and *People v. Tirado* (2019) 38 Cal.App.5th 637, review granted November 13, 2019, S257658 (*Tirado*), reached opposite conclusions and which the Supreme Court granted review in *Tirado* to decide. Thus, we write on a slate that is neither clean nor destined (at least the writing on it) to last long.

As the court in *People v. Garcia* (2020) 46 Cal.App.5th 786, review granted June 10, 2020, S261772 (*Garcia*), summarized the issue before siding with *Tirado* over *Morrison*: "Trial courts now have the discretion to 'strike or dismiss' a firearm enhancement pled by the People and found true by a jury beyond a reasonable doubt. [Citation.] But does a trial court have the discretion to substitute the firearm enhancement found true by the jury for a lesser enhancement never presented to that jury? So far, the courts have split on the question. [*Morrison*] says 'yes,' while [*Tirado*] says 'no.' Our Supreme Court has granted review on this question . . . ." (*Garcia*, at p. 788.)

---

[2] Daniel also contends, the People concede, and we agree remand for resentencing is appropriate to allow the trial court to exercise its discretion whether to strike the five-year enhancement the court imposed under section 667, subdivision (a)(1), for Daniel's prior serious felony conviction.

5

Putting aside the slight procedural differences between this case and *Garcia, Tirado*, and *Morrison*,[3] and until the Supreme Court decides the issue, we weigh in on the *Morrison* side of the ledger. As the court in *Morrison* explained, "Case law has recognized that the court may impose a 'lesser included' enhancement that was not charged in the information when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence."[4] (*Morrison, supra*, 34 Cal.App.5th at p. 222.) The same principle gives the court discretion to impose an enhancement under section 12022.53, subdivision (b) or (c), when the court has

[3] In *Garcia* the People alleged all three firearm enhancements under section 12022.53, but "with the concurrence of the parties," instructed only on the enhancement under section 12022.53, subdivision (d). (*Garcia, supra*, 46 Cal.App.5th at p. 789.) In *Tirado* the People alleged, and the trial court instructed on, only the firearm enhancement under section 12022.53, subdivision (d). (*Tirado, supra*, 38 Cal.App.5th at pp. 640, 644.) And in *Morrison* the People originally alleged all three firearm enhancements under section 12022.53, but at trial the People moved to dismiss the allegations under section 12022.53, subdivisions (b) and (c), "leaving only the enhancement for personal discharge causing death under section 12022.53, subdivision (d)," which the jury found true. (*Morrison, supra*, 34 Cal.App.5th at p. 221.) Here, the People alleged all three firearm enhancements, the trial court instructed on only two of them, and the jury returned a true finding only on the allegation under section 12022.53, subdivision (d).

[4] There is no dispute the enhancements in section 12022.53, subdivision (b) and (c), are "lesser included enhancements" of the enhancement in section 12022.53, subdivision (d). There is no way to commit acts that satisfy the latter without also committing acts that satisfy the former.

6

stricken an enhancement under section 12022.53, subdivision (d). Indeed, the Legislature's purpose in amending section 12022.53, subdivision (h), was to expand the trial court's discretion to reduce criminal sentences in appropriate cases, not to restrict it. (See Sen. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017-2018 Reg. Sess.) as amended Mar. 28, 2017, p. 3 [Sen. Bill No. 620 "would allow a court to use judicial discretion when applying a sentence enhancement when a person uses or discharges a firearm when a person is convicted for committing a felony"]; *id.* at p. 8 [Sen. Bill No. 620 "allows a court to use judicial discretion and take into account the nature and severity of the crime and other mitigating and aggravating factors during sentencing" and "provides judges the ability to impose sentences that fit the severity of the offense"]; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017-2018 Reg. Sess.) as amended Mar. 28, 2017, p. 8 [Sen. Bill No. 620 "allows a judge to take into account the nature and severity of the crime, as well as the individual's culpability, during sentencing" and "provides judges the ability to impose sentences that fit the severity of the offense, helping to ensure that incarcerated Californians do not serve unnecessarily long sentences"]; Sen. 3d reading analysis of Senate Bill No. 620 (2017-2018 Reg. Sess.) as amended June 15, 2017, p. 3 [Sen. Bill No. 620 "allows a judge to exercise discretion on whether or not to make a long sentence longer if it is in the interest of justice"].)

The conclusion of the courts in *Tirado* and *Garcia* that trial courts do not have discretion to impose a 10- or 20-year enhancement under section 12022.53, subdivision (b) or (c), if the court strikes or dismisses a 25-years-to-life enhancement under section 12022.53, subdivision (d), was based on the rationale that "[n]othing in the plain language of sections 1385 and 12022.53, subdivision (h) authorizes a trial court to substitute one

7

enhancement for another." (*Tirado, supra,* 38 Cal.App.5th at
p. 643; see *Garcia, supra,* 46 Cal.App.5th at p. 791 ["section
12022.53, subdivision (h) confers the authority to 'strike or
dismiss' a firearm enhancement set forth in section 12022.53"
and "says nothing about substituting or modifying
enhancements"].)  As the court in *Tirado* stated, "This language
indicates the court's power pursuant to these sections is binary:
The court can choose to dismiss a charge or enhancement in the
interest of justice, or it can choose to take no action.  There is
nothing in either statute that conveys the power to change,
modify, or substitute a charge or enhancement." (*Tirado,* at
p. 643.)

But by asking the wrong question, the courts in *Tirado* and
*Garcia* arrived at the wrong answer.  The question is not whether
the court has the "binary" discretion "pursuant to" the plain
language of section 12022.53, subdivision (h), to impose a lesser
enhancement after the greater enhancement has been stricken or
is otherwise unavailable.  The question is whether the plain
language of section 12022.53, subdivision (h), takes away
discretion the court already has.  And it doesn't.  As the
concurring opinion in *People v. Valles* (2020) 49 Cal.App.5th 156,
review granted July 22, 2020, S262757, explained:  "The question
is not whether *the amended statute conveys the power to impose
an uncharged lesser enhancement* (or change or modify an
enhancement).  Rather, the question is whether, having exercised
its power under the amended statute to strike a greater
enhancement, *the court still has its previously recognized power to
impose an uncharged lesser.*" (*Id.* at p. 171 (conc. opn. of
Menetrez, J.).)  There is no "only" in section 12022.53,
subdivision (h).

The separation of powers concern relied on by the court in
*Garcia* has no application here.  The court in *Garcia* stated that

the "decision of what charges to bring (or not to bring)—and, more to the point here, which sentencing enhancement to allege (or not to allege)—ordinarily belongs to the prosecutors who are charged with executing our state's criminal law" and that "[c]onstruing section 12022.53, subdivision (h) to allow a court to substitute a lesser included firearm enhancement would overstep the carefully drawn line delineating the powers of the judicial and executive branches." (*Garcia*, *supra*, 46 Cal.App.5th at pp. 791-792.) Here, the prosecution alleged all three enhancements under section 12022.53. The court, however, instructed on only two of them, and the jury made a finding on only one of them.

Finally, as Daniel argues and the People do not dispute, there is no indication in the record the trial court was aware it had discretion to strike the 25-years-to-life firearm enhancement under section 12022.53, subdivision (d), and impose either the 10-year enhancement under section 12022.53, subdivision (b), or the 20-year enhancement under section 12022.53, subdivision (c). (See *Morrison*, *supra*, 34 Cal.App.5th at p. 224.) "'"Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion."'" (*People v. Flores* (2020) 9 Cal.5th 371, 431-432; see *People v. Ochoa* (2020) 53 Cal.App.5th 841, 853.) The trial court stated it was exercising its discretion not to strike the enhancement under

9

section 12022.53, subdivision (d), but the court, which sentenced Daniel five months before the *Morrison* decision, did not mention the two lesser enhancements. The record does not indicate at all, let alone clearly, that the trial court would have imposed the enhancement under section 12022.53, subdivision (d), if it knew it had the discretion to impose a lesser enhancement under section 12022.53, subdivision (b) or (c). Indeed, the court granted Daniel's motion under *Romero, supra*, 13 Cal.4th 497 to strike his prior serious or violent felony conviction under the three strikes law. Remand for resentencing is appropriate.

B.      *The Trial Court Did Not Err in Imposing a Full Determinate Term on Daniel's Second Conviction for Possession of a Firearm by a Felon*

As discussed, the trial court sentenced Daniel on two convictions in separate cases for possession of a firearm by a felon, one on a jury verdict of guilty and one on a plea of no contest. In the first case, the court imposed the middle term of two years; in the second case the court imposed a term of two years, doubled under the three strikes law to four years. Daniel argues that, on the second conviction for possession of a firearm by a felon, the court should have imposed a term of one-third the middle term of two years, or eight months, doubled to one year four months. Daniel suggests the trial court "may have lost track of the determinate term it had already imposed" on the other conviction for possession of a firearm by a felon.

The trial court did not err. As stated, the court sentenced Daniel on his conviction for possession of a firearm by a felon in the second case to a consecutive term of four years. Section 669, subdivision (a), requires that, where the court sentences the defendant to a life sentence (here, 25 years to life for first degree murder), the consecutive determinate term (here, four years),

10

"shall be served first." (See *People v. Rodriguez* (2012) 207 Cal.App.4th 204, 211 ["When the defendant is sentenced to determinate and indeterminate terms, the determinate term is served first."]; *Craver v. Ducart* (C.D.Cal. June 3, 2015, No. CV 14-5766 R SS) 2015 WL 4040609, p. 3 [under California law, "determinate terms are served before indeterminate terms"].) The two-year determinate term the court imposed on Daniel's conviction for possession of a firearm by a felon in the first case was then concurrent to the four-year term Daniel had to serve in the second case before serving the indeterminate term of 25 years to life. Because the determinate sentences on the two convictions for possession of a firearm by a felon were concurrent, the court was correct in not using the formula of one-third the middle term on the second determinate sentence under section 1170.1, subdivision (a). (See *People v. Thompson* (2009) 177 Cal.App.4th 1424, 1432 ["'[b]ecause concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a), they are imposed at the full base term, not according to the one-third middle term formula'"], disapproved on another ground in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888; *People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3 [same].) The trial court properly imposed a full term on the second conviction for possession of a firearm by a felon.

C. *The Trial Court Should Correct the Minute Order for the Sentencing Hearing and the Abstract of Judgment*

The minute order for the sentencing hearing and the abstract of judgment indicate the court sentenced Daniel on his murder conviction under the three strikes law. As stated, however, the court granted Daniel's motion under *Romero, supra*, 13 Cal.4th 497 to strike his prior serious or violent felony

11

conviction and imposed the second 25-years-to-life term under section 12022.53, subdivision (d), not the three strikes law. Daniel argues, the People concede, and we agree the trial court should correct these mistakes.

## DISPOSITION

The convictions are affirmed. The judgment is reversed with directions for the trial court to exercise its discretion whether to impose a lesser firearm enhancement under section 12022.53, to exercise its discretion whether to strike or dismiss the five-year enhancement under section 667, subdivision (a)(1), and to correct the sentencing minute order and abstract of judgment. The trial court is also directed to forward a new abstract of judgment to the Department of Corrections and Rehabilitation.

SEGAL, J.

We concur:

PERLUSS, P. J.          FEUER, J.

12